UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| In re<br><br>LISA GOLDEN,<br><br>Debtor,<br><br>LISA KAYE GOLDEN,<br><br>Appellant,<br><br>v.<br><br>RICHARD KIPPERMAN et al.,<br><br>Appellees. | Case Nos.: 22-cv-1238-JES-DDL<br>Bankruptcy Case No.: 17-06928-MM7<br>Adversary Case No.: 18-90054-MM<br><br>**ORDER:**<br><br>**(1) DENYING MOTION FOR EXTENSION OF TIME TO FILE OPENING BRIEF;**<br><br>**(2) DENYING MOTION FOR LEAVE TO ELECTRONICALLY FILE DOCUMENTS AS MOOT; and**<br><br>**(3) DISMISSING CASE WITH PREJUDICE FOR FAILURE TO COMPLY WITH COURT'S ORDER**<br><br>**[ECF No. 31]** |
|---|---|

Before the Court is Appellant's motion for an extension of time to file her opening brief and a motion for leave to electronically file documents. For the reasons stated below, the motion for an extension of time to file her opening brief is **DENIED**, the

motion for leave to electronically file documents is **DENIED as moot** and the case is **DISMISSED with prejudice**.

## I.     PROCEDURAL BACKGROUND

On August 22, 2022, Appellant originated this appeal by filing a notice of appeal from Bankruptcy Court. ECF No. 1. On September 1, 2022, the Honorable Todd Robinson issued an order requiring Appellant to pay the filing fee by September 15, 2022, or the case would be dismissed. ECF No. 3. On September 15, 2022, Appellant filed a motion for extension of time to pay filing fees and motion for consolidation. ECF No. 4. On September 16, 2022, Appellant filed an amended motion for extension of time to pay filing fees and motion for consolidation of appeals. ECF No. 6. On September 21, 2022, the Court granted Appellant's amended motion for extension of time to pay filing fees and denied without prejudice Appellant's amended motion for consolidation of appeals. ECF No. 7.

On September 30, 2022, Appellant filed a motion to reconsider the order denying fee waiver use and denial of consolidation, a motion for recusal and a motion for leave to proceed in forma pauperis. ECF Nos. 8, 9, 10. On October 31, 2022, the Court denied each of these motions and set a deadline to pay filing fees. ECF No. 12. Appellant was ordered to pay filing fees no later than November 21, 2022. *Id.* Appellant then filed a notice of appeal to the Ninth Circuit. ECF No. 13. On March 17, 2023, the case was transferred to this Court. ECF No. 16. On April 24, 2023, the Ninth Circuit dismissed the appeal as frivolous. ECF No. 17.

On May 9, 2023, this Court issued an order dismissing the case for failure to pay the filing fee and comply with the Court's order. ECF No. 18. On May 12, 2023, the Court vacated the judgment, reopened the case and set a briefing schedule after learning that Appellant paid the filing fee. ECF No. 19. Appellant was ordered to file the record of appeal no later than June 12, 2023. *Id.* On June 9, 2023, Appellant filed a motion for extension of time to file the notice of appeal. ECF No. 20. In her motion, Appellant argued that she needed more time because she "suffered a traumatic brain injury in July

2021 from a vehicle collision not her fault." *Id.* As a result of that injury she had to "undergo extensive therapy for cognitive and speech rehabilitation and has a difficult time forming and typing these pleadings, especially as a pro se litigant." *Id.* at 1-2. Further, Appellant discussed her limited financial resources as a basis for the extension and requested a 60-day extension. *Id.* at 2. On June 16, 2023, the Court granted Appellant's motion and set a second briefing schedule, ordering the record of appeal to be filed no later than August 11, 2023, and Appellant's opening brief no later than August 28, 2023. ECF No. 21.

On August 10, 2023, Appellant filed another motion for extension of time to file her record of appeal. ECF No. 23. In that motion, Appellant once again discussed the "extreme difficulties with both her physical/cognitive disabilities due to a traumatic brain injury suffered in July 2021." *Id.* at ¶ 1. Appellant requested an additional 30 days to submit her record of appeal. *Id.* at ¶ 4. On August 18, 2023, the Court granted Appellant's motion for an extension and set a third briefing schedule. ECF No. 24. Appellant was ordered to file her record of appeal no later than September 11, 2023, and her opening brief no later than September 25, 2023. *Id.*

On October 6, 2023, Appellant had not filed either the record of appeal or her opening brief and the Court issued an Order to Show Cause ("OSC") as to why the case should not be dismissed for failure to comply with the Court's Order. ECF No. 25. Appellant was ordered to respond in writing no later than October 12, 2023. *Id.* On October 17, 2023, after receiving no response from Appellant, the Court dismissed the action for failure to comply with the Court's Order. ECF No. 26.

On December 22, 2023, several months later, Appellant filed a motion for reinstatement of the appeal, asking the court to reconsider the dismissal and requested an extension of time to file her amended designation of record in cases No. 22-cv-1234-JES-DDL and No. 12-cv-1235-JES-DDL, but not this case. In support of her motion in those cases, Appellant stated that she "was distracted and file dthe wrong Designation information in her appeal." *Id.* at 2. No. 12-cv-1235-JES-DDL, ECF No. 29. Appellant

also mentioned her "financial issues" as a reason for the delay in not responding to the Court's OSC. *Id.* On January 9, 2024, the Court vacated the judgment in this case, reopened the case and set a final briefing schedule, the fourth briefing schedule in this case. ECF No. 28. The Court ordered Appellant to file a record of appeal no later than February 8, 2024, and her opening brief no later than February 29, 2024. *Id.* The Court cautioned, "**This is the final briefing schedule and any further failures to comply will result in dismissal of this action with prejudice.**" *Id.*

On February 9, 2024, the Court received the perfected record on appeal. ECF No. 29. That same day, the Court received the Amended perfected record on appeal. ECF No. 30. On February 28, 2024, Appellant filed a motion for extension of time to file her opening brief and a motion for leave to electronically file documents. ECF No. 31. In her motion, Appellant argued that she has had difficulty obtaining the record from the Bankruptcy Clerk's Office and once again mentioned continued medical issues due to the traumatic brain injury she suffered two years ago. *Id.* at 2. On March 12, 2024, Appellant filed two separate supplements to transmittal of appeal. ECF Nos. 32, 33.

## II.  DISCUSSION

First, Appellant requests an extension due to "continued medical issues due to the traumatic brain injury she suffered two years ago in a vehicle collision in which she was not at fault. Appellant has been ill for the past week with complications to her brain injury and … was bedridden for most of another week during which she was unable to complete the Openind Briefs." ECF No. 34 at 2. As the Honorable Todd Robinson previously noted in Appellant's prior appeals where she invoked her "traumatic brain injury," Appellant's claim to serious injuries in a car crash was "at odds with the only physical evidence, as found by the Honorable Margaret M. Mann in Ms. Golden's underlying bankruptcy proceedings." *See* Consolidation Order at 3, *In re Lisa Golden*, No. 22-CV-311 TWR (NLS) (S.D. Cal. Filed April 18, 2022) (citing Findings of Fact and Conclusions of Law in Support of Declaring Lisa Kaye Golden a Vexatious Litigant and Requiring a Prefiling Order at 2-3 & n. 6, *In re Lisa Kaye Golden*, No. 17-06928-MM7

(Bankr. S.D. Cal. Filed Aug. 16, 2021), ECF No. 1046 (discussing security camera footage at odds with Ms. Golden's claimed injuries from a car crash)). Therefore, the Court will not grant an extension based on any purported traumatic brain injury.

Lastly, Appellant states she had difficulty obtaining the record on appeal. ECF No. 34 at 2. As noted above, Appellant has filed over four dozen bankruptcy appeals in the district court over the last several years. In almost all of her appeals, Appellant fails to comply with deadlines given by the court and habitually requests extensions without good cause or justification. This Court gave Appellant numerous extensions to file the record of appeal and the opening brief. The original deadline for the record of appeal was due on June 12, 2023, however Appellant did not file the record of appeal until February 9, 2024, one day after it was due. Appellant then filed multiple supplements to the record on appeal over a month after the original deadline. It is clear that Appellant will not comply with the Court's orders.

### III. CONCLUSION

In light of consistent violations of the Court's orders, the Court now **DENIES** the motion for an extension of time to file her opening brief and **DISMISSES with prejudice** the appeal in this case. The motion for leave to electronically file documents is **DENIED** as moot. Judgment is entered accordingly. The Clerk is directed to close this case.

**IT IS SO ORDERED**.

Dated:  March 22, 2024

Honorable James E. Simmons Jr.
United States District Judge